```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

                                          CIVIL ACTION
                                          DOCKET NUMBER
_____
                              )
SALIN NUTH,                   )
        Plaintiff             )
                              )
V.                            )
                              )
KELLY SERVICES, INC., and     )
PAUL BORDONARO, Individually  )
and as an employee, and       )
ANDREW VAN KURN, Individually )           COMPLAINT
and as an employee;           )
AND OTHER AS YET UNNAMED      )
KELLY SERVICES EMPLOYEES,     )
Individually and as employees,)
        Defendants            )
_____)
```

**Parties**

1.   Salin Nuth resides at 84 Perry Street, Lowell, Massachusetts, 01852, was an employee and was supervised by and worked as a colleague with the Defendants.

2.   Kelly Services is a corporation which employed more than twenty other employees and the Plaintiff from August 2006 through April 2009 out of its Woburn, Massachusetts headquarters located at 500 West Cummings Park, Suite 1100, Woburn 01801  and subject to the duties and requirements imposed by the U.S. Constitution and applicable federal law as well as

1

the Massachusetts Declaration of Rights and applicable state law.

3. Paul Bordonaro was at the time of the transactions and occurrences that are the subject of this Complaint Plaintiff's supervisor as part of his position as Regional Vice President of Kelly Services, Inc.

4. Andrew Van Kurn, Account Manager, and other unnamed Kelly Services employees were at the time of the within transactions and occurrences employees of Kelly Services Inc.

## Jurisdiction

5. This action arises under U.S.C.A. Const.Amend. 14, 29 U.S.C. §2601 *et seq* (Family Medical Leave Act),42 U.S.C. §2000e(2)(Equal Employment Opportunity Act), 42 U.S.C. §2000e(k)(Pregnancy Discrimination Act), Title VII of the Federal Civil Rights Act of 1964; The Civil Rights Act of 1991, The Americans with Disabilities Act of 1990, the Massachusetts Declaration of Rights, M.G.L.A. c. 12 s.11H-I, M.G.L.A. c. 151B, M.G.L.A. c. 214 §1B and M.G.L.A. c. 149 s. 105D where plaintiff alleges violations of her federal constitutional rights and of federal statutes in transactions and occurrences taking place within this District, a federal question pursuant to 29 U.S.C. 1331. Further, Plaintiff has satisfied administrative prerequisites pursuant to G.L. c. 151b and Title VII in full.

**Facts**

6. Salin Nuth was an experienced staffing supervisor for a Kelly Services Branch making $38,000.00 per year plus bonuses since she was hired on August 26, 2006. The company elevated her to the position of onsite coordinator at a salary of $48,000. Her rise in the company and the praise she received for her job performance by her superiors and company clients led her to believe that she would continue to significantly contribute to the company and experience continued growth in her career. While granting her request for family and medical leave benefits guaranteed by state and federal law to which they acknowledged she was entitled, the Defendants terminated her on April 20, 2009, the day of her return–though they had never given her any previous indication that she would face a layoff or termination of any kind.

7. Ms. Nuth has since learned that she was robbed of her career when the Defendants discriminated against her due to her race, gender and family status, causing her to suffer the consequences of adverse employment decisions they claimed were due to market forces but which she now knows were discriminatory. When respondents intimidated her and attempted to coerce her to sign an unfair "severance agreement" she responded by engaging in good faith negotiations in an attempt to resolve her dispute with

the Defendants.

8.  On or about June 29, 2009 the Defendants, claiming her termination was due to the end of the Google contract and admitting for the first time they had jettisoned her attempt to obtain an August 2007 promotion rejected her proposed revisions to the severance agreement. Plaintiff thus learned that the selection of Defendant Andrew Kurn, a less qualified white male, over her for the August 2007 promotion was due to gender and race discrimination and not the non-existence of the higher position as Defendants claimed at the time.  Further, the June 29, 2009 admission by Defendants that one of their unidentified regional managers had alleged negative professional development performance to the manager hiring for the position was a new revelation for Complainant-who had been told at the time she inquired about the promotion that no such position was open.  None of the "concerns" claimed by the Defendants that were raised with the hiring manager by the regional manager were ever discussed with Complainant.

9.  On or about July 22, 2009 Plaintiff discovered the pretextual nature of the claim made by the Defendants that she had been laid off at the end of her maternity leave because the account she had worked on with the Defendant's customer Google had ended.  Ms. Nuth learned that in fact, her less experienced and

less qualified Caucasian childless co-worker on the Google account, Jennifer Sullivan, had not been laid off but had instead been assigned her duties after the Google contract with Kelly Services ended. These duties involved senior sales, training for movement and business development and she reported directly to Defendant Paul Bordonaro. Indeed, this confirmed and evidenced what Plaintiff had merely suspected: that her termination the day she returned from maternity leave was not a legitimate business decision made due to the end of the Google contract but was instead an act of discrimination against her due to her race and her family status and need for maternity leave in violation of the FMLA and the Massachusetts Family and Medical Leave Act.

    10. Throughout Plaintiff's career she has steadily risen in the company and has received glowing performance reviews for her work, until she was the victim of race, gender and family status discrimination by the Defendants who have since perpetrated a smear campaign against her that caused other employers not to hire her despite her obvious qualifications for the work she sought.

    11. Because of the coercive and discriminatory misconduct by the Defendants, Plaintiff has suffered a sense of hopelessness and depression that has left her experiencing stomach trouble, headaches, difficulty sleeping, anxiety and other

symptoms.  This once proud and productive professional was humiliated by the repeated and persistent refusal by other companies to give her a chance at a new job because of the false and defamatory claims and statements the Defendants made about her. Their misconduct has not only damaged her career and her sense of well-being, but interfered with her ability to earn any income at all despite her experience and professionalism.

12.  Plaintiff now knows that claims made by her employer that what they called a layoff necessitated by the ending of their contract with a customer was in fact a wrongful termination in retaliation for taking family and medical leave benefits to which she was indisputably entitled-that the employer's refusal to grant her a promotion for which she was qualified was motivated by racial and gender animus-and the coercive misconduct and defamation by the Defendants continues to interfere with her physical and emotional health, ability to earn income and her essential dignitary interests to this day.

## Claims for Relief

### COUNT I.
(FMLA VIOLATIONS)

13. Plaintiff realleges paragraphs 1- 12 and incorporates the same as if fully set forth herein.

14. Defendants owed Plaintiff a duty to comply with the

6

state and federal Family and Medical Leave laws and breached said duty.

15.    Defendant's acts and omissions violated 29 U.S.C. § 2601 *et seq*, 42 U.S.C. § 2000 (e) *k* and G.L.C. 149 §105 whereby Plaintiff is entitled to and has been denied Family Medical leave. Plaintiff immediately notified Defendants of her claims. Plaintiff also notified Defendants of the damages she sustained at the time, and avers that Defendants' misconduct has caused her to suffer loss of income and physical and emotional harm.

16.    Defendants were further notified of Plaintiff's claims pursuant to M.G.L. c. 151b when Plaintiff filed her complaint with the Massachusetts Commission Against Discrimination.

## COUNT II.
### (RACE and NATIONAL ORIGIN DISCRIMINATION)

17.    Plaintiff, Salin Nuth, realleges paragraphs 1-16 and incorporates the same by reference in this Count.

18.    Defendants owed Plaintiff a duty to treat her substantially the same as similarly situated members of racial and national origin majority group members.

19.    Defendants wilfully refused and recklessly and negligently failed to treat Plaintiff, an Asian Pacific Islander

7

substantially the same as similarly situated national origin and racial majority group members in violation of her rights under 42 U.S.C. §2000e-2.

20. Plaintiff suffered injuries requiring treatment, loss of income and damage to her ability to earn income, and great pain of mind and body that continues to this day as a result of Defendants' violations of her constitutional rights.

## COUNT III.
### (GENDER DISCRIMINATION)

21. Plaintiff realleges paragraphs 1-12 and paragraphs 14-16 of Count I and incorporates the same by reference in this Count.

22. Defendants unlawfully discriminated against Plaintiff on the basis of gender in violating the state and federal Family Medical Leave acts.

23. Defendants unlawfully discriminated against Plaintiff when they denied her a promotion to which she was entitled and instead gave the position to a less qualified male candidate and told her that there was no such position.

24. Defendants due to their gender bias and their discriminatory animus against Plaintiff because of her gender deprived Plaintiff of a promotion to which she was entitled, and

then deprived her of her ability to earn any income at all when they terminated her the day of her return from maternity leave. Said misconduct has deprived Plaintiff of her income and caused her great pain of body and mind.

## COUNT IV.
### (MASSACHUSETTS CIVIL RIGHTS ACT VIOLATIONS)

25.  Plaintiff hereby realleges all paragraphs of all counts and incorporates them by reference into this count.

26.  Plaintiff repeatedly endeavored to obtain accurate information about her position with the Defendants on the day she was scheduled by them to return from maternity leave.

27.  Defendants wilfully failed and refused to provide Plaintiff with information to which she was entitled, sending her to locations for meetings only to change those locations at the last minute.

28.  Defendants threatened and intimidated Plaintiff over questions she asked regarding her employment in the weeks following her termination in an attempt to coerce her to sign an unfair "severance agreement" based on the misinformation provided her by Defendants including but not limited to false statements of her rights.  Said conduct violated of Plaintiff's civil rights.

29.  Said conduct rendered Plaintiff afraid to exercise her rights to speak freely and seek redress of her grievances in

violation of M.G.L. A. c. 12 §11I.

## COUNT V.
### (INTERFERENCE WITH ADVANTAGEOUS CONTRACTUAL RELATIONS)

30. Plaintiff hereby realleges all paragraphs of all counts and incorporate them by reference into this count.

31. Said conduct has interfered with and damaged present and potential business relationships between Plaintiff and others in her business community.

32. As a result, Plaintiff's ability to earn a living has been damaged and she has endured financial losses.

## COUNT VI (DEFAMATION)

33. Plaintiff hereby realleges all paragraphs of all counts and incorporates them by reference as if fully set forth herein.

34. On or about April 20, 2009 and divers prior and subsequent dates, Defendants and their agents and employees made disparaging and derogatory oral and written statements about Plaintiff to third parties.

35. Included in said statements were allegations that Plaintiff was unfit or incapable of performing in her chosen career.

36. On or about June 29, 2009, Defendants, falsely and maliciously disparaged Plaintiff's professionalism

in correspondence and statements to a third party.

37. Said misconduct was defamatory per se.

38. Said misconduct caused Plaintiff to suffer damage to her reputation and the loss of business opportunities we well as physical and emotional harm.

## COUNT VIII
### (RETALIATION IN VIOLATION OF FEDERAL TITLE VII and M.G.L. c. 151b)

39. Plaintiff realleges paragraphs 1-12, paragraphs 26-29 Count IV, paragraphs 31-32 of Count V, paragraphs 34-38 of Count VI and incorporate the same by reference into this Count.

40. The acts complained of by Defendants constitute retaliation against Plaintiff in violation of 42 U.S.C. §2000e-3 and M.G.L. c. 151b4(4).

41. Plaintiff has suffered intimidation, physical and emotional injury and interference in her ability to earn income as a result of Defendants' misconduct.

### **Demands for Judgment**

Plaintiff respectfully demands a trial by jury on all issues to the full extent provided by law.

WHEREFORE Plaintiff, prays  for judgment:

1. Awarding Plaintiff compensatory damages, with interest;

11

2.  Awarding Plaintiff punitive damages;

3.  Awarding Plaintiffs cost, including reasonable attorneys fees, pursuant to 42 U.S.C.A. §2000(e) and M.G.L. c. 151b.

4.  Granting such other and further relief as the Court may deem just and proper.

>Respectfully submitted,
>Salin Nuth
>By her attorney
>
>/s Elizabeth M. Clague
>_____
>_____
>Elizabeth M. Clague
>The Kennedy Building
>142 Main Street, Ste 304
>Brockton, MA 02301
>(508) 587-1191
>Fax (508) 587-0992
>BBO# 632341