UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SALIN NUTH, )<br>      Plaintiff, )<br>v. )<br>)<br>KELLY SERVICES, INC., and PAUL )<br>BORDONARO, Individually and as an )<br>employee, and ANDREW VAN KURN, )<br>Individually and as an employee; AND )<br>OTHER AS YET UNNAMED KELLY )<br>SERVICES EMPLOYEES, Individually )<br>and as employees, )<br>)<br>      Defendants. )<br>) | **C.A. No. 12-cv-10667-WGY** |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COME Defendants, KELLY SERVICES, INC. and PAUL BORDONARO, by and through their attorneys, MORGAN, BROWN & JOY, LLP, and for their Answer to Plaintiff's Complaint, hereby state as follows:

### Parties

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1, and therefore deny the same.

2. Defendants admit that the Woburn, Massachusetts office employed twenty or more employees and the Plaintiff during the time period relevant to the Complaint. Further answering, Defendants deny that the company's headquarters is located in Woburn, Massachusetts. The remaining allegations at Paragraph 2 are a legal conclusion, not a factual averment, and do not require admission or denial by Defendants. To the extent that a response is required, the remaining allegations at Paragraph 2 are denied.

3. Defendants admit that Paul Bordonaro was Plaintiff's superior but denies that he was Plaintiff's direct supervisor.

4. Defendants admit that Andrew Van Kurn, Account Manager, was an employee of Kelly Services at all times relevant to the Complaint. Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 4, and therefore deny the same.

## Jurisdiction

5. The allegations at Paragraph 5 are a legal conclusion, not a factual averment, and do not require admission or denial by Defendants. To the extent that a response is required, the allegations at Paragraph 5 are denied.

## Facts

6. Defendants admit Plaintiff was hired on August 29, 2006 and was employed as a staffing supervisor for a period of time. Further answering, Defendants admit that Plaintiff took leave under the FMLA for a period of time, and that Plaintiff's position was eliminated during her leave and her employment was terminated on April 20, 2009. Defendants deny the remaining allegations at Paragraph 6.

7. Defendants deny the allegations contained at Paragraph 7.

8. Defendants deny the allegations contained at Paragraph 8.

9. Defendants admit that Plaintiff was terminated because her position onsite with Google was eliminated and no other similar job postings existed when Plaintiff returned to work. Defendants deny the remaining allegations at Paragraph 9. Further answering, Defendants deny that Plaintiff was subjected to discrimination of any kind.

10. Defendants deny the allegations contained at Paragraph 10.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore deny the same.

12. Defendants deny the allegations contained at Paragraph 12.

## **Claims for Relief**

### COUNT I

13. Defendants repeat and reallege Paragraphs 1 through 12 of their Answer as though more fully set forth herein.

14. The allegations at Paragraph 14 are a legal conclusion, not a factual averment, and do not require admission or denial by Defendants. To the extent that a response is required, the allegations at Paragraph 14 are denied. Further answering, Defendants deny that they breached any duty owed to Plaintiff.

15. Defendants deny the allegations contained at Paragraph 15.

16. Defendants admit that Plaintiff filed a claim with the Massachusetts Commission Against Discrimination asserting the same claims set forth in her Complaint. Defendants deny the validity of any claims asserted by Plaintiff.

### COUNT II

17. Defendants repeat and reallege Paragraphs 1 through 16 of their Answer as though more fully set forth herein.

18. The allegations at Paragraph 18 are a legal conclusion, not a factual averment, and do not require admission or denial by Defendants. To the extent that a response is required,

the allegations at Paragraph 18 are denied. Further answering, Defendants deny that they breached any duty owed to Plaintiff.

19. Defendants deny the allegations contained at Paragraph 19.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore deny the same. Further answering, Defendants deny that they violated Plaintiff's constitutional rights in any way.

## COUNT III

21. Defendants repeat and reallege Paragraphs 1 through 20 of their Answer as though more fully set forth herein.

22. Defendants deny the allegations contained at Paragraph 22.

23. Defendants deny the allegations contained at Paragraph 23.

24. Defendants deny the allegations contained at Paragraph 24.

## COUNT IV

25. Defendants repeat and reallege Paragraphs 1 through 24 of their Answer as though more fully set forth herein.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore deny the same.

27. Defendants deny the allegations containedat at Paragraph 27.

28. Defendants deny the allegations contained at Paragraph 28.

29. Defendants deny the allegations contained at Paragraph 29.

## COUNT V

30. Defendants repeat and reallege Paragraphs 1 through 29 of their Answer as though more fully set forth herein.

31. Defendants deny the allegations contained at Paragraph 31.

32. Defendants deny the allegations contained at Paragraph 32.

## COUNT VI

33. Defendants repeat and reallege Paragraphs 1 through 32 of their Answer as though more fully set forth herein.

34. Defendants deny the allegations contained at Paragraph 34.

35. Defendants deny the allegations contained at Paragraph 35.

36. Defendants deny the allegations contained at Paragraph 36.

37. Defendants deny the allegations contained at Paragraph 37.

38. Defendants deny the allegations contained at Paragraph 38.

## COUNT VIII

39. Defendants repeat and reallege Paragraphs 1 through 38 of their Answer as though more fully set forth herein.

40. Defendants deny the allegations contained at Paragraph 40.

41. Defendants deny the allegations contained at Paragraph 41.

### Plaintiff's Demands for Judgment

Defendants deny that Plaintiff is entitled to any of the relief sought in her Demands for Judgment.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint and award Defendants' costs, interest and attorneys' fees so wrongfully

incurred.

## Reliance Upon Jury Demand

NOW COME Defendants, KELLY SERVICES, INC. and PAUL BORDONARO, by and through its attorneys, MORGAN, BROWN & JOY, LLP, and hereby relies upon the Demand for Jury filed by Plaintiffs in the above-entitled cause.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, KELLY SERVICES, INC. and PAUL BORDONARO, by and through their attorneys, MORGAN, BROWN & JOY, LLP, and hereby submit the following as their affirmative defenses:

1. Plaintiff's Complaint is barred because of release, prior judgment, statute of limitations, statute of frauds, and/or assignment or other disposition of the claim before the commencement of the action.

2. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

3. That Plaintiff has failed to mitigate her damages, the existence of which Defendants deny, as required by law.

4. Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

5. Plaintiff's claims are barred in whole or in part due to her failure to exhaust administrative remedies.

6. Defendants' decisions regarding Plaintiff were at all times motivated by legitimate, non-discriminatory reasons.

7. Plaintiff cannot demonstrate that she was treated differently than similarly situated individuals on the basis of gender or any other unlawful reason.

8. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's relationship with Defendants was terminable at will by either party.

9. Any alleged emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

10. Any alleged emotional distress claimed by Plaintiff was not so intense or of such duration that no ordinary person should be expected to endure it.

11. The Complaint fails to state a claim for which attorneys' fees or costs can be awarded.

12. Defendants reserve the right to amend these affirmative defenses as additional facts become known throughout the course of discovery.

DATED: July 30, 2012

        Respectfully submitted,

        Counsel for Defendants

        KELLY SERVICES, INC. and PAUL BORDONARO

        /s/ Laura E. Coltin Ogden

        Laura E. Coltin Ogden
        (BBO# 663070)
        Jaclyn L. Kugell (BBO# 561622)
        MORGAN, BROWN & JOY, LLP
        200 State Street, 11th Floor
        Boston, Massachusetts 02109
        Tel: (617) 523-6666
        Fax: (614) 977-9245
        jkugell@morganbrown.com
        logden@morganbrown.com

>Steven M. Potter (*pro hac vice motion to be submitted*)
>Rick J. Patterson (*pro hac vice motion to be submitted*)
>POTTER, DEAGOSTINO, O'DEA & PATTERSON
>2701 Cambridge Court, #223
>Auburn Hills, MI 48326
>Tel: 248-377-1700
>Fax: 248-377-0051
>spotter@potterlaw.com
>rjpatterson@potterlaw.com

## **CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.2(b), I, Laura E. Coltin Ogden, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 30, 2012.

>/s/ Laura E. Coltin Ogden
>Laura E. Coltin Ogden