UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SALIN NUTH, <br><br> Plaintiff, <br> v. <br><br> KELLY SERVICES, INC., and PAUL BORDONARO, Individually and as an employee, and ANDREW VAN KURN, Individually and as an employee; AND OTHER AS YET UNNAMED KELLY SERVICES EMPLOYEES, Individually and as employees, <br><br> Defendants. | C.A. No. 12-cv-10667-WGY <br><br> **DEFENDANT, ANDREW VAN KUREN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

## ANSWER AND AFFIRMATIVE DEFENSES
## ON BEHALF OF DEFENDANT ANDREW VAN KUREN

NOW COMES Defendant, ANDREW VAN KUREN (improperly spelled Van Kurn), by and through his attorneys, MORGAN, BROWN & JOY, LLP, and POTTER, DeAGOSTINO, O'DEA & PATTERSON, and for his Answer to Plaintiff's Complaint, hereby states as follows:

### Parties

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies the same.

2. Defendant admits that the Woburn, Massachusetts office employed twenty or more employees and the Plaintiff during the time period relevant to the Complaint. Further answering, Defendant deny that the company's headquarters is located in Woburn Massachusetts. The remaining allegations at Paragraph 2 are a legal conclusion, not a factual averment, and do not

require admission or denial by Defendant. To the extent that a response is required, the remaining allegations at Paragraph 2 are denied.

3. Defendant admits that Paul Bordonaro was Plaintiff's superior but denies that he was Plaintiff's direct supervisor.

4. Defendant admits that Andrew Van Kuren, Account Manager, was an employee of Kelly Services at all times relevant to the Complaint. Further answering, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 4, and therefore deny the same.

### Jurisdiction

5. The allegations at Paragraph 5 are a legal conclusion, not a factual averment, and do not require admission or denial by Defendant. To the extent that a response is required, the allegations at Paragraph 5 are denied.

6. Defendant admits Plaintiff was hired on August 29, 2006 and was employed as a staffing supervisor for a period of time. Further answering, Defendant admits that Plaintiff took leave under the FMLA for a period of time, and that Plaintiff's position was eliminated during her leave and her employment was terminated on April 20, 2009. Defendant denies the remaining allegations at Paragraph 6.

7. Defendant denies the allegations contained at Paragraph 7.

8. Defendant denies the allegations contained at Paragraph 8.

9. Defendant admits that Plaintiff was terminated because her position onsite with Google was eliminated and no other similar job postings existed when Plaintiff returned to work.

Defendant denies the remaining allegations at Paragraph 9. Further answering, Defendant denies that Plaintiff was subjected to discrimination of any kind.

10. Defendant denies the allegations contained at Paragraph 10.

11. Defendant denies any coercive or discriminatory conduct. Further answering, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and therefore denies the same.

12. Defendant denies the allegations contained at Paragraph 12.

## **Claims for Relief**

### COUNT I

13. Defendant repeats and realleges Paragraphs 1 through 12 of his Answer as though more fully set forth herein.

14. The allegations at Paragraph 14 are a legal conclusion, not a factual averment, and do not require admission or denial by Defendant. To the extent that a response is required, the allegations at Paragraph 14 are denied. Further answering, Defendant denies that he breached any duty owed to Plaintiff.

15. Defendant denies the allegations contained at Paragraph 15.

16. Defendant admits that Plaintiff filed a claim with the Massachusetts Commission Against Discrimination asserting the same claims set forth in her Complaint. Defendant denies the validity of any claims asserted by Plaintiff.

### COUNT II

17. Defendant repeats and realleges Paragraphs 1 through 16 of his Answer as though more fully set forth herein.

3

18. The allegations at Paragraph 18 are a legal conclusion, not a factual averment, and do not require admission or denial by Defendant. To the extent that a response is required, the allegations at Paragraph 18 are denied. Further answering, Defendant denies that he breached any duty owed to Plaintiff.

19. Defendant denies the allegations contained at Paragraph 19.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies the same. Further answering, Defendant denies that he violated Plaintiff's constitutional rights in any way.

## COUNT III

21. Defendant repeats and realleges Paragraphs 1 through 20 of his Answer as though more fully set forth herein.

22. Defendant denies the allegations contained at Paragraph 22.

23. Defendant denies the allegations contained at Paragraph 23.

24. Defendant denies the allegations contained at Paragraph 24

## COUNT IV

25. Defendant repeats and realleges Paragraphs 1 through 24 of his Answer as though more fully set forth herein.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore denies the same.

27. Defendant denies the allegations contained at Paragraph 27.

28. Defendant denies the allegations contained at Paragraph 28.

29. Defendant denies the allegations contained at Paragraph 29.

## COUNT V

30. Defendant repeats and realleges Paragraphs 1 through 29 of his Answer as though more fully set forth herein.

31. Defendant denies the allegations contained at Paragraph 31.

32. Defendant denies the allegations contained at Paragraph 32.

## COUNT VI

33. Defendant repeats and realleges Paragraphs 1 through 32 of his Answer as though more fully set forth herein.

34. Defendant denies the allegations contained at Paragraph 34.

35. Defendant denies the allegations contained at Paragraph 35.

36. Defendant denies the allegations contained at Paragraph 36.

37. Defendant denies the allegations contained at Paragraph 37.

38. Defendant denies the allegations contained at Paragraph 38.

## COUNT VIII

39. Defendant repeats and realleges Paragraphs 1 through 38 of his Answer as though more fully set forth herein.

40. Defendant denies the allegations contained at Paragraph 40.

41. Defendant denies the allegations contained at Paragraph 41.

**Plaintiff's Demands for Judgment**

Defendant denies that Plaintiff is entitled to any of the relief sought in her Demands for Judgment.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and award Defendant's costs, interest and attorneys' fees so wrongfully incurred.

## Reliance Upon Jury Demand

NOW COMES Defendant, ANDREW VAN KUREN (improperly spelled Van Kurn), by and through his attorneys, POTTER, DeAGOSTINO, O'DEA & PATTERSON, and hereby relies upon the Demand for Jury filed by Plaintiff in the above-entitled cause.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, ANDREW VAN KUREN (improperly spelled Van Kurn), by and through his attorneys, POTTER, DeAGOSTINO, O'DEA & PATTERSON, and hereby submit the following as his affirmative defenses:

1. That Plaintiff's Complaint is barred because of release, prior judgment, statute of limitations, statute of frauds, and/or assignment or other disposition of the claim before the commencement of the action.

2. That Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

3. That Plaintiff has failed to mitigate her damages.

4. Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

5. Plaintiff's claims are barred in whole or in part due to her failure to exhaust administrative remedies.

6. Defendant's decisions regarding Plaintiff were at all times motivated by legitimate, non-discriminatory reasons.

7. Plaintiff cannot demonstrate that she was treated differently than similarly situated individuals on the basis of taking medical leave or any other unlawful reason.

8. Plaintiff cannot establish a *prima facie* case under the FMLA or show pretext.

9. Plaintiff did not suffer from a serious health condition as required by FMLA.

10. Plaintiff was not an eligible employee under FMLA.

11. Plaintiff never properly notified Defendant of a serious health condition that prevented her from performing her job functions and/or failed to provide sufficient documentation to qualify for FMLA leave.

12. Plaintiff cannot establish Defendant interfered with her exercise of FMLA rights.

13. Plaintiff cannot establish Defendant retaliated against Plaintiff for exercising her FMLA rights.

14. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's relationship with Defendants was terminable at will by either party.

15. Defendant reserves the right to amend these affirmative defenses as additional facts become known throughout the course of discovery.

DATED: October 4, 2012

    Respectfully submitted,

    Counsel for Defendants
    KELLY SERVICES, INC.,
    PAUL BORDONARO, and
    ANDREW VAN KUREN

    /s/ Rick J. Patterson
    Steven M. Potter (*admitted*)
    Rick J. Patterson (*admitted*)
    POTTER, DeAGOSTINO, O'DEA
    & PATTERSON

2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
Tel: (248) 377-1700
Fax: (248) 377-0051
spotter@potterlaw.com
rjpatterson@potterlaw.com

Laura E. Coltin Ogden (BBO# 663070)
Jaclyn L. Kugell (BBO#561622)
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, Massachusetts 02109
Tel: (617) 523-6666
Fax: (617) 977-9245
logden@morganbrown.com
jkugell@morganbrown.com

## **CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.2(b), I, Rick J. Patterson, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 4, 2012.

/s/ Rick J. Patterson
Rick J. Patterson