```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                              CIVIL ACTION
                                              DOCKET NUMBER
                                              1:12cv10667
_____
                              )
SALIN NUTH,                   )
        Plaintiff             )
                              )
V.                            )
                              )
KELLY SERVICES, INC., and     )
PAUL BORDONARO, Individually  )
and as an employee, and       )
ANDREW VAN KURN, Individually )   **PLAINTIFF'S STATEMENT OF FACTS**
and as an employee;           )   **IN OPPOSITION TO**
AND OTHER AS YET UNNAMED      )   **SUMMARY JUDGMENT**
KELLY SERVICES EMPLOYEES,     )
Individually and as employees,)
        Defendants            )
_____)
```

The Plaintiffs for purposes of Opposition to the pending Motion for Summary Judgment on behalf of Defendants dispute the material facts relied upon by said Defendants because they have omitted several material facts, which are stated below:

     1.   Defense and Plaintiff counsel did not confer as required by Local Rule 7.1(B) prior to Defendants' unscheduled filing of the Motion for Partial Summary Judgment (See Plaintiff Counsel Affidavit Attached.)

     2.   The Massachusetts Commission Against

Discrimination determined the "violation date" to in the above-entitled matter to be July 22, 2009. (See Plaintiff Attached Exhibit A).

3. On June 29, 2009 Defendant Kelly Services responded to a June 18, 2009 correspondence from undersigned counsel by indicating they had completed investigation of her complaints about her departure and their proposed severance agreement and they rejected her complaints and gave her until July 10, 2009 to sign the agreement. (See Plaintiff Attached Exhibit B),

4. In the same correspondence Defendants admitted and Plaintiff learned for the first time that an unidentified "regional manager" had scuttled her attempt to gain a promotion in 2007 where at the time she sought it she was told the position she applied for did not exist.(See Plaintiff Attached Exhibit B).

5. The Proposed Severance Agreement Defendants handed to Plaintiff on April 20, 2009, the day of her scheduled return from Family Medical leave, gave her until May 11, 2009 to sign and return the agreement. Further, the Proposed Agreement dated April 20, 2009 provided that even if she were to sign it that day, she had seven days to revoke the agreement in writing. (See Plaintiff Attached Exhibit C).

6. Plaintiff's Employee Profile kept by the Defendants demonstrates that within eight months of being hired

she was given a merit raise and a promotion, and Plaintiff earned a second merit raise a year later. (See Plaintiff Exhibit D Attached).

    7. Defendant Paul Bordonaro targeted Plaintiff for unlawful termination after he found out she was going to be going out on "maternity leave" a month before her leave began according to his own correspondence with human resources and handwritten notes. (See Plaintiff Exhibit E attached.)

                              Respectfully submitted

                              Salin Nuth

                              By her attorney

                              s/ Elizabeth M. Clague

                              _____

Elizabeth M. Clague
Attorney for the Plaintiffs
The Kennedy Building
142 Main Street, Suite 304
Brockton, MA 02301
(508) 587-1191
BBO# 632341

**CERTIFICATE OF SERVICE**

    I, Elizabeth M. Clague, counsel for the Plaintiff, hereby certify that I have this day made service of the foregoing document causing it to be delivered electronically
to counsel of record for the Defendants.

Dated: December 26, 2012

/s Elizabeth M. Clague
_____
Elizabeth M. Clague